UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DEMAINE D. WILLIAMS

CRIMINAL ACTION

NO. 10-137-BAJ-DLD

**RULING ON MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Now before the Court is a Motion to Withdraw as Counsel of Record (doc. 13) by Glen R. Petersen (Mr. Petersen), court appointed counsel representing defendant, Demaine Williams, in the above captioned matter.[1] A trial in this matter has been scheduled for November 8, 2010. (doc. 12) A hearing on the motion to withdraw was held on October 22, 2010, at which time the Court deferred ruling on the motion. (doc. 14) At the hearing, the defendant indicated that his family members were scheduled to meet with another attorney concerning the possibility of such attorney enrolling as counsel for the defendant in this matter. The Court imposed a deadline of the close of business on October 25, 2010 for the filing of a motion to enroll as counsel. Presently, no motion to enroll as counsel has been filed.

**LAW AND ANALYSIS**

In his Memorandum in Support of Motion to Withdraw as Counsel of Record (doc. 13-1), Mr. Petersen states that the defendant has indicated his wish to retain a "real lawyer," and has asserted that defense counsel is "working against him" and

---

[1] Defendant has been charged with two counts of distribution of a controlled substance. (doc. 1)

1

"acting like a prosecutor." When addressed by the Court during the hearing on the motion, Mr. Petersen reported that he has made several trips to the prison to consult with the defendant, and that he has discussed with the defendant at length the evidence in the case, as well as the extensive discovery material. Mr. Petersen also noted the impending deadlines set in this matter, and the need for important decisions to be made concerning how the defense should proceed.

An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion. *Id.* Unless there is a demonstrated conflict of interest, or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw. *U.S. v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

The Court finds that there is no evidence indicating the existence a conflict of interest as to Mr. Petersen's representation of the defendant. Neither in his motion to withdraw, nor at the hearing on the motion, did Mr. Petersen relate to the Court the presence of any conflicts of interest which would prohibit him from serving as counsel in this matter. The Court also finds that the motion and the testimony given at the hearing does not support a finding that there has been such a breakdown in communication between counsel and defendant as to prevent the

defendant from being afforded an adequate defense. To the contrary, Mr. Petersen advised the Court of having held several meetings and discussions with the defendant as to the merits of his case. Similarly, when given the opportunity to explain to the Court why Mr. Petersen should be permitted to withdraw, the defendant simply responded by stating that his family may retain another attorney to represent him in this case. He reported no facts that reveal a conflict of interest with Mr. Petersen, or circumstances that evince a serious lack of communication.

Disagreements between defense counsel and defendant do not necessarily warrant the Court granting counsel's motion to withdraw. Similar to the present matter, the defendant in the case of *U.S. v Moore*, 706 F.2d 538 (5th Cir. 1983), complained about the "prosecutorial attitude" of his appointed counsel, a former district attorney. *Id.* at 539. As expressed by the Fifth Circuit in its decision in *Moore*:

> A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

*Id.* at 540. The Court is highly confident in Mr. Petersen's ability to render competent, meaningful assistance to the defendant in relation to the charges set forth in the indictment. The Court reiterates its observation made on the record at the hearing on the motion to withdraw that Mr. Petersen, a former state and federal prosecutor, is an experienced and well-qualified criminal defense attorney who has served as counsel in dozens of criminal cases in this District and in other courts. The Court believes that the defendant's constitutional and other legal rights will be well protected through representation by Mr. Petersen.

## CONCLUSION

The Court finds that the circumstances in this case do not require that defense counsel's Motion to Withdraw as Counsel of Record be granted. Considering the statutory time limits of the Speedy Trial Act, the amount of time which Mr. Petersen has already devoted in preparing a defense, as well as Mr. Petersen's skill and experience as a criminal defense attorney, the Court finds that the interests of justice and the defendant are best served by denying the motion.

Accordingly, the Motion to Withdraw as Counsel of Record (doc. 13) by Glen R. Petersen, counsel of record for defendant in the above-captioned matter, is hereby **DENIED**.

Baton Rouge, Louisiana, October 27th, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA