UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| DEMAINE D. WILLIAMS | NO.: 3:10-cr-00137-BAJ-RLB |

### RULING AND ORDER

Before the Court are two related motions, each seeking relief from Petitioner's 115-month term of imprisonment. The first is Petitioner's *pro se* **RULE 59(e), MOTION FOR RECONSIDERATION (Doc. 44);** the second is Petitioner's counseled **MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (Doc. 46).** For reasons explained below, each of Petitioner's motions will be DENIED.

### I. BACKGROUND

On September 15, 2010, a federal grand jury returned an indictment charging Petitioner with two counts of distributing cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). Specifically, the indictment charged Petitioner with one count of distributing 5 or more grams of crack on June 9, 2010 (Count I), and one count of distributing 50 grams or more of crack on June 16, 2010 (Count II). (*Id.*). On November 3, 2010, Petitioner pleaded guilty to each count pursuant to a plea agreement. (Docs. 18, 19).

Petitioner was sentenced on March 16, 2011. At sentencing, Petitioner faced a guideline range of 92 to 115 months imprisonment under the then-existing United States Sentencing Guidelines, based on a total offense level of 23 and a criminal history category of VI. (Doc. 34 at p. 1). As to Count I, this Court imposed a sentence of 115 months imprisonment. (Doc. 33 at p. 3). As to Count II, however, this Court imposed a 120-month term of imprisonment, based on its assessment that 120 months was "the statutorily required minimum sentence." (Doc. 34 at p. 4). The Court further ordered that Petitioner serve his sentences concurrently. (Doc. 33 at p. 3).

At the time Petitioner committed his offenses he faced a mandatory minimum sentence of 5 years imprisonment on Count I, and 10 years imprisonment on Count II. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006 ed.). However, on August 3, 2010—*after* Petitioner committed his offenses but *before* he was indicted—the law changed with Congress's passage of the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). Under the FSA, an offender who sold 5 grams of crack is not subject to a mandatory minimum sentence. *See* § 841(b)(1)(B)(iii) (2006 ed., Supp. IV). Further, an offender who sold 50 grams of crack is subject only to a 5-year mandatory minimum. *See* § 841(b)(1)(A)(iii) (2006 ed., Supp. IV). *see also Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012) ("The Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and

2

from 50 grams to 280 grams in respect to the 10-year minimum . . . ."). Despite this change in the law, the Court accepted as true that Petitioner faced the pre-FSA mandatory minimum prison terms. (*See* Doc. 34 at p. 4).

On June 21, 2012, the U.S. Supreme Court decided *Dorsey v. United States*, which held that the new statutory minimum sentences set forth in the FSA apply to defendants—such as Petitioner—who committed their offenses *prior* to the enactment of the FSA but were sentenced *after* its enactment. *Dorsey*, 132 S. Ct. at 2326.

Petitioner did not appeal his conviction or sentence. However, on July 18, 2012, Petitioner filed a *pro se* motion styled MOTION REQUESTING MODIFICATION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) *FAIR SENTENCING ACT* OF 2010 & [USSG AMENDMENT 750] (Doc. 38), requesting that his sentence be reduced "based upon the Amendment § 750 of the *Fair Sentencing Act* that was signed into law on August 3, 2010 and made Retroactive-effective November 1, 2010," (*id.* at p. 1). Pointing out that under the FSA, he "no longer has a mandatory minimum of 120 months," Petitioner requested that his sentence be reduced to a total of 92 months imprisonment. This Court granted Petitioner's motion in part, reducing Petitioner's sentence on Count II to 115 months imprisonment, again to run concurrent with Petitioner's 115-month sentence on Count I. (Doc. 41). This Court explained that resentencing was required because although Petitioner's total offense level, criminal history category,

3

and resulting guidelines range were not affected by passage of the FSA, the Court was "no longer restricted to a 120 month mandatory minimum on count II." (*See* Doc. 43 at p. 1). Specifically, the Court stated:

> This defendant is eligible for a sentence reduction based on retroactive application of the provisions of the Fair Sentencing Act of 2010 and the statutory reduction intended to reduce the ratio of crack cocaine to powder cocaine to an 18:1 ratio. Given the recent Supreme Court decision in *Dorsey v. United States*, which held that the Fair Sentencing Act's new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders, the defendant's guidelines range of 92 to 115 months, determined by the Court at the original sentencing, is no longer restricted to a 120 month mandatory minimum on count II. Considering the defendant's extensive prior criminal record, the court imposes a sentence at the upper end of the guidelines range of 92 to 115 months.

(*Id.*).

On September 17, 2012, after this Court revised Petitioner's total sentence downward to 115 months imprisonment, Petitioner filed the *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) that is the subject of this order. (Doc. 44). Then, on July 19, 2013, less than a year after the Supreme Court issued its decision in *Dorsey*, Petitioner filed the counseled § 2255 motion that is also the subject of this Order. (Doc. 46). At the Court's order, the Government submitted a memorandum in opposition to Petitioner's 28 U.S.C. § 2255 motion. (Docs. 47, 51). Oral argument is not necessary on either of Petitioner's motions.

## II. DISCUSSION

### A. Petitioner's Rule 59(e) Motion

Rule 59(e) provides simply that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The U.S. Fifth Circuit, however, has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

Petitioner's complaint in his Rule 59(e) motion is that "[t]he court . . . did not impose a sentence of 92 months at the lower end of Petitioner's guideline range, but the court, in consideration of the petitioner's extensive prior criminal record, imposed a sentence of 115 month[s]." (Doc. 44 at p. 3). Petitioner then goes on to detail "other factors that . . . warrant a further reduction of sentence," including that he "does not have a high school diploma" and "comes from an impoverished community" with "inferior" schools. (*Id.*). Finally, Petitioner notes a decision of the Eastern District of New York—specifically, *United States v. Bannister*, 786 F. Supp. 2d 617 (E.D.N.Y. 2011)—where that court considered similar factors in determining

5

that a below-guidelines sentence was appropriate for the defendant's crack cocaine violation, *id.* at 678. (Doc. 44 at p. 3; *see also id.* at pp. 3–8).

This Court determines that Petitioner has failed to carry his burden of proving that the "extraordinary remedy" of reconsideration of judgment is required here. *Templet*, 367 F.3d at 479. The evidence of Petitioner's impoverished background was duly considered by the Court in arriving at its sentencing determination. (*See* Doc. 21 at ¶¶ 112–18). Likewise, the arguments made by Petitioner were available to him at his prior sentencing proceedings. *See Templet*, 367 F.3d at 478–79. Accordingly, Rule 59(e)'s "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" is not served by granting Petitioner's motion here. *Id.*

### B. Petitioner § 2255 Motion

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if

left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Petitioner contends that *Dorsey* entitles him to be resentenced under the FSA's new mandatory minimum framework. (Doc. 46 at ¶¶ 6–9). Specifically, he argues that his "current sentence is based upon the erroneous statutory mandatory minimum sentence of 5 years on count one and 10 years on count two, under *Dorsey v. United States* count one does not carry a statutory minimum sentence and count two carries a 5 year statutory minimum sentence." (*Id.* at ¶ 6). The Government responds that "[a]s to Count One, the holding in *Dorsey* . . . has no impact upon the defendant, since the Court originally imposed a guideline sentence well beyond what was then the statutory minimum of five (5) years—in this case, 115 months." (Doc. 51 at p. 3). As to Count II, however, the Government concedes that Petitioner "may [be] . . . eligible for resentencing, since the Court originally imposed a term of imprisonment the statutory minimum of ten years (120 months)" and "[q]uite possibly, the Court may have ordered a lesser term of imprisonment, but for the statutory minimum then required by statute." (*Id.*).

The Government gets it half right. The Government's position is correct as to Petitioner's 115-month sentence on Count I. This is because even if this Court *failed* to recognize the retroactive applicability of the FSA in determining Petitioner's sentence on this Count, the pre-FSA 5-year mandatory minimum was *not* the basis for its calculation of Petitioner's prison term. *See United States v.*

*Kinchen*, 729 F.3d 466, 476 (5th Cir. 2013). Instead, this Court sentenced Petitioner to a term significantly above the 5-year mandatory minimum under the pre-FSA version of the statute, based on Petitioner's extensive prior criminal record. (*See* Doc. 43 at p. 1). Simply put, this Court "would [not] have imposed a different sentence had it believed that the statutory changes effected by the FSA applied to [Petitioner's] offense." *See United States v. Williams*, 505 F. App'x 343, 344 (5th Cir. 2013) (unpublished), *cert. denied*, 133 S. Ct. 2375 (2013). The Fifth Circuit has recently instructed that in such instances—i.e., where "the mandatory minimum was *not* the basis for the district court's [sentence]"—"*any* error in not recognizing the FSA's retroactive applicability was harmless." *Kinchen*, 729 F.3d at 476 (emphasis added); *see also Williams*, 505 Fed. App'x at 344 (same). Thus, Petitioner has failed to show that he is entitled to the relief he seeks as to his sentence on Count I.

On the other hand, the Government's position that "*Dorsey*, . . . may render the defendant eligible for resentencing" on Count II is *incorrect*—but the result for Petitioner is the same—because the Government's concession overlooks that Petitioner has *already* been resentenced to 115 months imprisonment on Count II, (Doc. 43 at p. 1). The record is clear that when this Court resentenced Petitioner on Count II, it was well-aware that the pre-FSA mandatory minimum did *not* apply. (*See id.* (stating that in light of *Dorsey* "the Court . . . is no longer restricted to a 120 month mandatory minimum on count II"). The record is also clear that "the

8

defendant's extensive prior criminal record," (*id.*), *not* the pre- *or* post-FSA mandatory minimum on Count II, was the basis for Petitioner's 115-month sentence. *Kinchen*, 729 F.3d at 476; *Williams*, 505 Fed. App'x at 344. Thus, even if this Court were to assume that it failed to "recognize[e] the FSA's retroactive applicability" in resentencing Petitioner—which, as the record makes clear, it did *not*—any such error "was harmless." *Kinchen*, 729 F.3d at 476.

Thus, Petitioner has again failed to show that he is entitled to the relief he seeks.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION FOR RECONSIDERATION (Doc. 44)** is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's § 2255 **MOTION (Doc. 46)** is **DENIED.**

Baton Rouge, Louisiana, this 13th day of January, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**